UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH K. KIMES, CDCR #V-80313, <br><br> Plaintiff, <br><br> vs. <br><br> RANDOLPH; MS. ALLEN; MARCUS POLLARD; KATHLEEN ALLISON; SGT DIAZ; K. COWART; R. BARENCHI; HELEN NORRIS; A. BOSIO; P. MEJIA; C. DOMINGO; ALMA MARTINEZ, <br><br> Defendants. | Case No.: 3:21-cv-0124-CAB-AHG <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; and** <br><br> **2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

KENNETH K. KIMES ("Plaintiff"), incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, is proceeding pro se in this case with a civil rights Complaint filed pursuant to 22 U.S.C. § 1983 (ECF No. 1).

Plaintiff has not prepaid the $402 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

///

## I.   Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in increments or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

---

[1] For civil cases filed before December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The $50 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*. This administrative fee increased to $52 for civil cases filed on or after December 1, 2020, but that portion still does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR inmate trust account statement and prison certificate. *See* ECF No. 3 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. This statement shows that Plaintiff has had an average monthly deposits of $200.00 and average monthly balance of $200 but only had an available balance of $0.00 at the time of filing. *See* ECF No. 3 at 2. Thus, the Court assesses Plaintiff's initial partial filing fee to be $40.00 pursuant to 28 U.S.C. § 1915(b)(1) but acknowledges he may be unable to pay that initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee because his trust account statements indicate he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the CDCR or her designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

    A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.   Plaintiff's Allegations

Defendant Barenchi issued an order to prison officials to "provide Plaintiff with a medical diet due to Plaintiff being diagnosed with celiac disease" which is a disease that causes Plaintiff to be allergic to wheat. *See* Compl. at 4. Defendants Norris and Bosio are the "dieticians responsible for making [Plaintiff's] food and ensuring that it is delivered in its entirety." *Id.* They are also required to ensure that the food is not "spoiled or rotten" but they have "failed at this." *Id.* Plaintiff claims that Defendants have been "delivering food to Plaintiff containing ingredients that contain wheat/gluten

knowing Plaintiff is severely allergic to those ingredients." *Id.*   As a result, Plaintiff has suffered from "severe medical complications." *Id.*

After Plaintiff was given "rotten/spoiled" food, Barenchi issued a chrono directing that Plaintiff "be allowed to order at his own expense food consistent with his medical diet needs from an outside vendor." (*Id.* at 5.) However, when Plaintiff began to "order his own food at his own expense" and it was delivered to "R&R," Defendants Diaz and Cowart would not allow Plaintiff to have the food by informing him that they had not received the chrono. *Id.*

Plaintiff filed an administrative grievance. (*See id.*)  Diaz, Cowart, and Defendant Pollard "issued an official response completely ignoring Plaintiff's issues presented and granted something to Plaintiff that Plaintiff was already allowed to do by way of a secured right." (*Id.*)  "Defendants even went so far as to have Plaintiff's physician recant and deny his own previous CDCR chrono and issue a new CDCR chrono stating that Plaintiff was now not allowed to order his own food at his own expense." (*Id.*)   Plaintiff claims Barenchi knew Norris and Bosio "were serving Plaintiff rotten and spoiled food," and food that contained ingredients Plaintiff was allergic to. (*Id.*)

Plaintiff also claims Pollard and Defendant Allison, along with Norris and Bosio, "have been allowing inmates infected with HIV and Hepatitis to make and handle all Plaintiff's food." (*Id.* at 6.)  Plaintiff further alleges that Defendants know that these inmates are "avid drug users" and are "frequently caught" by CDCR officials "injecting numerous forms of drugs." (*Id.*)  Plaintiff "raised these issues" but Defendants "refused to give the inmates any type of screening." (*Id.*)

Defendants Mejia, Domingo, and Martinez "tampered with and removed documents from Plaintiff's medical file." (*Id.* at 7.)   These Defendants also denied Plaintiff access to his medical records. (*See id.*)  Plaintiff contends that Mejia, Domingo, and Martinez, along with Pollard, refused to "list Plaintiff as an American with a disability who falls under the ADA definition of a person with celiac disease. (*Id.*)

| | |
|---|---|
| 1 | Defendant Randolph is the correctional counselor "responsible for processing |
| 2 | outgoing government claim forms with attached fee waivers forms and certified CDCR |
| 3 | trust account statements" to support a motion to proceed IFP.  (*Id.* at 8.)  On July 23, |
| 4 | 2019, Randolph took Plaintiff's documents and placed them in his office.  (*See id.*) |
| 5 | However, Randolph locked his office that day, "leaving Plaintiff's documents in his |
| 6 | office clearly visible through his office window" and did not "return for over five |
| 7 | weeks."  (*Id.*)  As a result, Plaintiff claims he was "hindered" from filing a "government |
| 8 | claim notice with trust statement."  (*Id.*)  Plaintiff filed a grievance and learned that |
| 9 | Defendant Allen "who works in the trust office also refused to file Plaintiff's request for |
| 10 | a certified trust statement."  (*Id.*)  While Plaintiff claims that these actions caused a |
| 11 | "major delay" in filing his government claim but he was "finally able to fie the |
| 12 | documents with the Office of Risk and Insurance Management Government Claims |
| 13 | Department."  (*Id.*) |
| 14 | Plaintiff claims Defendants are "refusing to allow Plaintiff his right to an attorney |
| 15 | visit and an attorney phone call."  (*Id.* at 9.)  He further alleges that Defendants "will not |
| 16 | allow" him "access to an attorney" to represent him in this civil proceeding.  (*Id*.) |
| 17 | Plaintiff seeks declaratory relief,  injunctive relief, $3,000,000 in compensatory |
| 18 | damages, and $3,000,000 in punitive damages.  (*See id.* at 10, 12.) |
| 19 |     C.    <u>Statute of Limitations</u> |
| 20 | The Court finds that many of Plaintiff's claims, alleged to arise at RJD beginning |
| 21 | in 2015 and continuing into 2016, are subject to sua sponte dismissal for failing to state a |
| 22 | claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e)(2) and |
| 23 | § 1915A(b)(1) because they are time-barred.  While Plaintiff's factual allegations are |
| 24 | devoid of specific dates as to when these alleged violations occurred, he has attached |
| 25 | several exhibits that show these purported events occurred in 2015 and 2016. |
| 26 | "A claim may be dismissed [for failing to state a claim] on the ground that it is |
| 27 | barred by the applicable statute of limitations only when 'the running of the statute is |
| 28 | apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at* |

*Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte).

Section 1983 contains no specific statute of limitation; therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for an additional two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005).  However, Plaintiff is currently serving a sentence of life without the possibility of parole ("LWOP") and therefore, is not entitled to the extra two years of

tolling.[2]

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, some of the "wrongful acts" alleged to have been taken against Plaintiff at RJD occurred well over two years before he filed his Complaint on January 21, 2021, and thus, are outside California's statute of limitations. Plaintiff's factual allegations in his Complaint are devoid of specific dates. However, a review of many of the exhibits filed in support of his Complaint, *see* ECF No. 4, indicates that many of his claims relating to CDCR officials purportedly preventing him from ordering food from outside vendors, his claims of spoiled and rotten food, and his allegations that inmates with HIV or hepatitis were permitted to serve food appear to have occurred in 2015 and 2016.

Based on these documents submitted in support of his factual allegations, the Court concludes Plaintiff had "reason to know" of many of his claims as early as October of 2015, more than five years before he filed this case on January 21, 2021, and after the limitations period applicable to his claims elapsed. *See Maldonado*, 370 F.3d at 955.

Finally, Plaintiff's claims could be considered timely if, in his Complaint, he alleged facts sufficient to show the limitations period may be equitably tolled. *See*

---

[2] *See* CDCR Inmate Locator, https:\\www.inmatelocator.cdcr.ca.gov (website last visited February 11. 2021.)

*Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916.

As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679. Accordingly, the Court finds that because it is clear from the face of Plaintiff's Complaint, his claims relating to his diet, alleged spoiled and rotten food, and food purportedly served by inmates with HIV or hepatitis are barred by the statute of limitations, those claims are subject to sua sponte dismissal for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

D.     Grievances

Plaintiff seeks to hold Defendants Mejia, Domingo, and Martinez liable for their responses to his administrative grievances.  (*See* Compl. at 7.)  However, the Court finds Plaintiff's Complaint fails to state a claim as to any of the named Defendants because an official's allegedly improper processing of a prisoner's grievances or appeals, without more, does not serve as a sufficient basis for section 1983 liability. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th

Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed § 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860). Simply "'[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation.'" *Ellington v. Clark*, 2010 WL 3001427, at *2 (E.D. Cal. Jul. 29, 2010) (quoting *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)).

For these reasons, the Court finds Plaintiff's conclusory claims that Defendants failed to properly process or respond to his grievances are insufficient to state any plausible due process claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 678-79 (citations omitted).

E.  <u>Access to Courts</u>

In addition to his claim relating to his grievances, Plaintiff seeks to hold some Defendants liable for not processing his requests for trust account statements which purportedly "hindered" his ability to file a government tort claim. (*See* Compl. at 8.) Plaintiff also claims that Defendants have hindered access to an attorney in this civil proceeding. (*See id.*)

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), limited in part on other grounds by *Lewis*, 518 U.S. at 354. In order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348 (citation and internal quotations omitted). The right of access does not require the State to "enable the prisoner to discover grievances," or even to "litigate effectively once in court." *Id*. at

354; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Instead, *Lewis* holds:

> [T]he injury requirement is not satisfied by just any type of frustrated legal claim . . .. *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id*. at 346; *see also Spence v. Beard*, No. 2:16-CV-1828 KJN P, 2017 WL 896293, at *2-3 (E.D. Cal. Mar. 6, 2017). Indeed, the failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition to alleging an "actual injury," Plaintiff must also plead facts sufficient to describe the "non-frivolous" or "arguable" nature of underlying claim he contends was lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id*. at 417.

Plaintiff's Complaint has failed to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Specifically, Plaintiff has not provided the Court with the "nature and description" of the claims he brought in an action, nor the "non-frivolous" or "arguable" nature of those claims. *Harbury*, 536 U.S. at 413-14. Thus, the Court finds that Plaintiff's Complaint fails to include sufficient "factual matter" to show how or why any of the individual Defendants in this case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; Iqbal, 556 U.S. at 678. Because Plaintiff has failed to

allege facts sufficient to show that Defendant caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

F. <u>Leave to Amend</u>

While the Court has dismissed all of Plaintiff's claims, it must also grant Plaintiff leave to amend them–if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *Cervantes*, 5 F.3d at 1277 (noting that a time-barred action may not ordinarily be dismissed at pleading without leave to amend unless "some fact, evident from the face of the complaint, support[s] the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue.").

Should Plaintiff's Amended Complaint fail to allege facts sufficient to establish the timeliness of his claims, however, he is hereby cautioned that the Court will dismiss the those claims without further leave amend.  Plaintiff is also cautioned that while Rule 8 of the Federal Rules of Civil Procedure "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. Conclusion and Order

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2) **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4) **DISMISSES** Plaintiff's Complaint (ECF No. 1) sua sponte for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's Amended Complaint, should he elect to file one, must be captioned as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 21cv0124 CAB (AHG) in its caption, and comply both with FED. R. CIV. P. 8 and with S.D. CAL. CIVLR 8.2.a.

The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

      **IT IS SO ORDERED**.

Dated: February 12, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge