UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH K. KIMES, CDCR #V-80313, Plaintiff, v. RANDOLPH, et al., Defendants. | Case No.: 3:21-cv-0124-CAB-AHG<br><br>**ORDER**<br><br>**(1) DISMISSING CLAIMS AND DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br><br>**AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT COWART PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

**I.     Procedural History**

On January 21, 2021, Plaintiff Kenneth Kimes, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. Section 1983. (*See* Compl., ECF No. 1.) In

addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") (*See* ECF No. 2.)

On February 12, 2021, the Court GRANTED Plaintiff's Motion to Proceed IFP but DISMISSED his Complaint for failing to state a claim. (*See* Feb. 12, 2021 Order at 13-14.) Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*) Plaintiff was cautioned that "Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." (*Id.* citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").)

Plaintiff filed his First Amended Complaint ("FAC") on March 9, 2021. (*See* FAC, ECF No. 9.) In his FAC, Plaintiff no longer named Defendants Randolph, Allen, or Diaz and thus, the Court DISMISSED these Defendants from this action and all claims against these Defendants were deemed waived. (*See* Feb. 12, 2021 Order at 5.) In addition, the Court DISMISSED all other claims against the remaining Defendants pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) but determined that Plaintiff had alleged a plausible First Amendment retaliation claim against Defendant Cowart. (*See id.* at 5-10.) Plaintiff was given the opportunity to either: (1) notify the Court of the intent to proceed with his First Amendment retaliation claims against Defendant Cowart only; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in the February 12, 2021 Order. (*See id.* at 10.) The time to choose either option has since passed and Plaintiff has not filed an amended pleading.

/ / /

/ / /

/ / /

/ / /

## II. Conclusion and Order

For the reasons discussed, the Court:

1) **DISMISSES** all of Plaintiff's claims against Defendants Pollard, Allison, Barenchi, Norris, Botso, Mejia, C. Dominguez, and Alma Martinez for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and directs the Clerk of Court to terminate these Defendants from the Court's docket;

2) **DIRECTS** the Clerk to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 8) upon Defendant Cowart and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for this Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of February 12, 2021 IFP Order, a certified copy of his FAC, and the summons so that he may serve the Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where this Defendant may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

3) **ORDERS** the U.S. Marshal to serve a copy of the FAC and summons upon Defendant Cowart as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

4) **ORDERS** Defendant Cowart, once served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and

| | |
|---|---|
| 1 | 5) **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on the Defendants or their counsel, and the date of that service. *See* S.D. Cal. Civ. L.R. 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendant, may be disregarded. |

**IT IS SO ORDERED.**

Dated: June 7, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge